| | |
|---|---|
| MICHAEL J. REDENBURG, ESQ. PC<br>Michael Redenburg, Esq. (NY #MR4662)<br>11 Park Place, Suite 817<br>New York, NY 10007<br>Telephone: (212) 240-9465<br>Facsimile: (917) 591-1667 | |

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| **NAGASTA MARTIN AND ROBERT JOHNSON,**<br><br>                              **Plaintiff,**<br>v.<br><br>**THE CITY OF NEW YORK, NYPD Officer Frankie Hernandez (Tax ID#940254) and NYPD Officer Jose Cabagrillo.**<br><br>                              **Defendants.** | **Amended Complaint**<br><br>**JURY TRIAL DEMANDED**<br><br>Civ. No.:   14-cv-6384 |

## NATURE OF THE ACTION

1. This is an action to recover money damages arising out of the violation of Plaintiffs' rights under the Constitution.

## JURISDICTION AND VENUE

2. This action is brought pursuant to 42 U.S.C. §§1983 and 1988, and the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

3. The jurisdiction of this Court is predicated upon 28 U.S.C. §1331 and §1343.

4. Venue is proper in the district pursuant to 28 U.S.C. §§1391 (b) and (c).

## JURY DEMAND

5. Plaintiff demands a trial by jury in this action.

## PARTIES

6. Plaintiff Nagasta Martin ("Plaintiff" or "Ms. Martin") is a 35 year old African American woman who resides in Bronx County, City and state on New York.

7. Plaintiff Robert Johnson ("Plaintiff" or "Mr. Johnson") is a 28 year old African American man who resides in Mount Vernon, New York.

8. Defendant City of New York is a municipal corporation organized under the laws of the State of New York. It operates the NYPD a department or agency of the defendant City of New York responsible for the appointment, training, supervision, promotion and discipline of police officers and supervisory police officers, including the individually named defendant herein.

9. Defendant NYPD Officers Frankie Hernandez and Jose Cabagrillo are members of the New York City Police Department ("NYPD") who were employed by the NYPD on July 30, 2014. Defendant NYPD Officers Frankie Hernandez and Jose Cabagrillo were acting under color of state law in their capacities of agents, servants and employees of defendant City of New York and the NYPD.

10. Defendant NYPD Officers Frankie Hernandez and Jose Cabagrillo are sued in both their individual and official capacities.

## STATEMENT OF FACTS

11. On or about the morning of July 24, 2014, Plaintiffs Nagasta Martin and Robert Johnson had visited a bodega at or near the intersection of 167th Street and Washington Avenue, Bronx, NY.

12. At the time of the Plaintiffs' visit to the bodega as more specifically set forth in ¶11, above, neither Plaintiff Nagasta Martin nor Plaintiff Robert Johnson engaged in any criminal activity.

13. At the aforementioned time, Plaintiff Nagasta Martin was gainfully employed as a licensed security guard and Plaintiff Robert Johnson was gainfully employed with the Department of Public Works, City of Mount Vernon.

14. On or about July 25, 2014, Plaintiffs began to see print, television and internet reports that they were being sought by the police in connection with a robbery that allegedly took place at a bodega at or near the intersection of 167th Street and Washington Avenue, Bronx, NY.

15. That the images used of the Plaintiffs, which were broadcast throughout multiple media channels, were from the very same video surveillance tape that failed to show Plaintiffs engaged in any criminal activity which therefore exculpated Plaintiffs, exonerated them and conclusively proved their innocence.

16. That NYPD Officers Frankie Hernandez and Jose Cabagrillo willfully ignored evidence, as outlined in ¶15, above, all of which resulted in the false arrest and other harm caused to Plaintiffs.

17. Following the news reports as set forth in ¶14 above, Plaintiff Nagasta Martin's employer notified her and informed that in light of said news reports, she was being terminated immediately.

18. Plaintiff Nagasta Martin was contacted by members of the NYPD and informed that she should surrender herself to the precinct for arrest.

19. Soon thereafter, Plaintiffs Nagasta Martin and Robert Johnson contacted legal counsel at Neighborhood Defender Service of Harlem ("NDS") and contact was made with detectives for their surrender.

20. On July 30, 2014, Plaintiffs' counsel surrendered Plaintiffs Nagasta Martin and Robert Johnson to detectives at the 42nd Precinct at approximately 5 PM.

21. Plaintiffs' attorney spoke to detectives for about 10 minutes and during such time Plaintiffs understood that they were not free to leave.

22. Thereafter, detectives notified Plaintiffs' counsel that he should leave and that he would be called when Plaintiffs were ready to be taken to the 2nd Precinct for a line-up.

23. Plaintiffs were taken upstairs at the precinct where they spent about five (5) hours being fingerprinted, photographed and processed.

24. Plaintiffs were transported to the 2nd Precinct at or about 10:30 PM, and at or about 11:15 PM, Plaintiffs were placed in separate line-ups and both picked as robbery perpetrators.

25. Plaintiffs Nagasta Martin and Robert Johnson were thereafter transported to Central Booking where they spent approximately twenty-four (24) hours.

26. On July 31, 2014, and at or about 11:30 PM, Plaintiffs Nagasta Martin and Robert Johnson were released from Central Booking without ever seeing a judge because the Bronx County District Attorney's Office declined to prosecute them.

27. Plaintiffs suffered damages as a result of defendants' actions. Plaintiffs were deprived of their liberty, suffered emotional distress, mental anguish, fear, pain, anxiety,

embarrassment, humiliation, damage to their reputations; and Plaintiff Nagasta Martin lost her employment.

## FIRST CLAIM
### *FALSE ARREST/FALSE IMPRISONMENT*

28. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

29. NYPD Officers Frankie Hernandez and Jose Cabagrillo violated the Fourth and Fourteenth Amendments because they deprived Plaintiffs of their liberty and arrested Plaintiffs without probable cause.

30. NYPD Officers Frankie Hernandez and Jose Cabagrillo intentionally confined Plaintiffs, without Plaintiffs' consent and against Plaintiffs' will.

31. Plaintiffs were at all times aware of their confinement and Plaintiffs' confinements were not otherwise privileged.

32. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## SECOND CLAIM
### *FAILURE TO INTERVENE*

33. Plaintiffs repeat and reallege each and every allegation as if fully set forth herein.

34. Frankie Hernandez and Jose Cabagrillo had an opportunity to prevent such conduct and had a duty to intervene and prevent such conduct – but consciously failed and refused to intervene.

35. Accordingly, Frankie Hernandez and Jose Cabagrillo who failed to intervene violated the Fourth, Fifth and Fourteenth Amendments.

36. As a direct and proximate result of this unlawful conduct, Plaintiffs sustained the damages hereinbefore alleged.

## THIRD CLAIM
### 1983 "MONELL" CLAIM

37. Plaintiffs repeat and reallege each and every allegation contained in those paragraphs of the Complaint marked and numbered previously with the same force and effect as if more fully set forth herein.

38. Upon information and belief, it was the custom, policy and practice of THE CITY OF NEW YORK to tolerate, condone and encourage constitutional violations, such as those alleged by Plaintiffs above, by failing to properly punish, charge, reprimand and investigate allegations and incidents of police misconduct.

39. Employees of the THE CITY OF NEW YORK such as the individual defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct.

40. Employees of the CITY OF NEW YORK such as the individual defendants in this action, were aware at all times alleged in this Complaint that their unconstitutional conduct would not be investigated or questioned, and that they would receive no reprimand or be punished for their conduct and further that they would be indemnified from civil liability regardless of the illegality or unconstitutionality of their actions.

41. By failing to supervise, train and reprimand such Police Officers, THE CITY OF NEW YORK caused the injury to Plaintiffs through the actions and inactions of the individual defendants.

42. By maintaining a *de facto* policy of automatic indemnification, THE CITY OF NEW YORK caused the injuries to Plaintiffs through the actions and inactions of the individual defendants.

43. Upon information and belief, it was the custom, policy and practice of THE CITY OF NEW YORK to authorize and permit certain police officers, including the individual defendants to cause the search and seizure of the person of Plaintiffs despite the lack of a warrant; despite the lack of even arguable probable cause and despite any cognizable legal justification.

44. Upon information and belief, this custom, policy and practice of THE CITY OF NEW YORK encouraged and caused the constitutional violations by NYPD Officer 1-10, who were/are employed by THE CITY OF NEW YORK, including the violations of Plaintiffs' constitutional rights by the individual defendant.

45. THE CITY OF NEW YORK'S failure to take action against its police officers involved in this incident and in other countless similar incidents was, and continues to be, part of a custom, practice and procedure of neglect and deliberate indifference that directly caused the injuries to Plaintiffs.

46. As the authorized representative of the defendants, THE CITY OF NEW YORK, the officer's conduct of illegal arrests, searches and seizures of arrestees, such as the Plaintiffs, constitutes a custom, policy and practice which renders the defendant, THE CITY OF NEW YORK, liable to Plaintiffs as a "Person" acting under the color of state law.

47. These customs, policies and practices were enforced by the defendants, NYPD Officers 1-10, and were the moving force, proximate cause and affirmative link behind the conduct causing Plaintiffs' injuries.

48. THE CITY OF NEW YORK is therefore liable for violations of Plaintiffs' constitutional rights as caused by defendants, Frankie Hernandez and Jose Cabagrillo, as described in more detail in the foregoing paragraphs of the Complaint; and the Plaintiffs have suffered damages therefrom.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs respectfully request judgment against defendants as follows:

a. Compensatory damages against all defendants, jointly and severally;

b. Punitive damages in an amount to be determined by a jury;

c. Reasonable attorneys' fees and costs pursuant to 28 U.S.C. §1988; and

d. Such other relief as this Court shall deem just and proper.

Dated: March 13, 2015
       New York, NY

       s/Michael J. Redenburg
       Michael J. Redenburg (NY #MR4662)
       MICHAEL J. REDENBURG, ESQ. PC
       11 Park Place, Suite 817
       New York, NY 10007
       mredenburg@mjrlaw-ny.com
       1-212-240-9465 (Phone)
       1-917-591-1667 (Fax)